STATE of Wisconsin, Plaintiff-Respondent,

v.

Rocco A. CANADEO, Defendant-Appellant.†

Court of Appeals

*Nos. 91-0517-CR, 91-0518-CR. Submitted on briefs October 8, 1991.—Decided March 26, 1992.*

(Also reported in 484 N.W.2d 340.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *James R. Koby* of *Parke, O'Flaherty, Heim, Egan & Koby, Ltd.* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   The defendant, Rocco A. Canadeo, argues that because his prior convictions for delivery of a controlled substance automatically doubled the maximum period of imprisonment to which he was subject under a sentence enhancement statute, sec. 161.48(2), Stats., the circuit court abused its discretion when it considered those convictions in determining his sentence. We disagree. We further decide that the circuit court did not abuse its sentencing discretion in any other respect. We therefore affirm the order denying Canadeo's motion for sentence modification.

The defendant, Rocco Canadeo, pled guilty to two counts of delivery of more than 25 grams of a controlled substance, contrary to sec. 161.41(1)(c)3, Stats. The range of imprisonment for each offense was not less than one year nor more than 15 years. Because Canadeo had been previously convicted of delivery of a controlled sub-

561

stance, his maximum exposure on each offense to which he pled was increased to thirty years, under the sentence enhancement statute, sec. 161.48(2), Stats. The circuit court sentenced Canadeo to a term of twenty-five years imprisonment on the first count and a consecutive term of probation on the second count which included an imposed and stayed sentence of fifteen years. Canadeo argues that the circuit court abused its sentencing discretion when it considered his crimes which had already doubled his exposure to imprisonment.

Section 161.48(2), Stats., provides in part: "If any person is convicted of a 2nd or subsequent offense under this chapter that is specified in s. 161.41(1)(c) . . . any applicable minimum and maximum fines and minimum and maximum periods of imprisonment . . . are doubled."

Canadeo argues that because his prior convictions doubled his possible sentence, the sentencing court could not consider the prior convictions in exercising its sentencing discretion. We disagree.

All that the repeater statute does is expand the range within which the sentencing court may exercise its discretion. "When the legislature grants sentencing power to the courts to impose sentences covering a range . . . it is apparent that it [leaves] it to the judicial discretion to determine where in that range the sentence should be selected." *McCleary v. State,* 49 Wis. 2d 263, 275, 182 N.W.2d 512, 518 (1971). The sentencing court must still exercise its discretion to determine where in the range prescribed by the legislature it is appropriate to fix the defendant's sentence. In sentencing a defendant whose maximum exposure to imprisonment has been doubled under sec. 161.48, Stats., the sentencing court considers the same factors as it considers in sentencing any other defendant, including prior convictions.

We therefore conclude that the sentencing court did not abuse its discretion when it considered Canadeo's prior crimes which resulted in doubling the range of penalty exposure under sec. 161.48, Stats.

We next consider Canadeo's claim that the sentencing court abused its discretion by placing too much emphasis upon deterrence. An abuse of discretion may be found if the sentencing court gives too much weight to one factor in the face of other contravening considerations. *State v. Larsen,* 141 Wis. 2d 412, 428, 415 N.W.2d 535, 542 (Ct. App. 1987). The record of the sentencing hearing does not support Canadeo's claim. It is true that the court stated that "[d]eterrence . . . is a major consideration that I have to take into account in determining an appropriate sentence in your case." However, the court considered the testimony of Canadeo's friends and relatives who "have represented you as an individual who is caring, considerate, compassionate, charitable, [and] thoughtful . . .." The court considered the testimony that Canadeo had helped the mentally retarded, the Special Olympians, and nieces and nephews. The court stated:

> If the Court were only to look at you . . . in terms of what an appropriate sentence is, it would be fairly easy . . . to give you a minimal prison sentence and be done with it. But that's not the only factor that I can consider . . ..

The court further stated, "There are positive aspects of your background that have been testified to—the mitigating factors that [your counsel] has mentioned." The court observed, however, that from its perspective there were as many aggravating factors as mitigating factors. We conclude that the sentencing court properly weighed

both the mitigating factors and the aggravating factors. The weight to be given to each of the factors which influences the sentencing court is particularly within the discretion of the court. *Larsen,* 141 Wis. 2d at 428, 415 N.W.2d at 542. While the sentencing court gave considerable weight to the factor of deterrence, we cannot conclude that that weight was an abuse of the sentencing court's discretion.

The court was presented with an individual who had previously been convicted of three counts of delivering a controlled substance, was charged with three other cocaine-related offenses, five bail-jumping offenses, resisting an officer, and had committed the offenses for which he was sentenced while he was free on bond pending trial on a further delivery charge. The court observed, "It's not like you came into this situation with anything other than open eyes. You've been involved in the criminal justice system before for the same offenses." The court further observed,

> There is a significant and substantial requirement that the public be protected from individuals like you from you and people like you and that . . . other individuals . . . that are similarly situated will look at this and indicate it's not worth it and quit . . ..
> It's only hoped that it will [affect] and deter a number of individuals.

The court further considered Canadeo's claim that his drug addiction caused his behavior. The court correctly observed, however, that Canadeo could have sought treatment. The court stated that it intended to impose a significant prison sentence followed by a substantial period of probation in the hopes that Canadeo would attempt to rehabilitate himself. We conclude that the sentencing court correctly recognized that Canadeo's

crimes and criminal history required a sentence which would deter not only Canadeo but others similarly situated. Plainly, the court sought to divert Canadeo and others similarly situated from the course of crime to the course of treatment. While the sentence imposed by the sentencing court was severe, it was not excessive considering the nature of Canadeo's crimes and his criminal record. The court correctly pointed out that his sentence could be ameliorated through good-time and parole if Canadeo was motivated to rehabilitate himself. The court appropriately imposed a substantial period of probation to ensure that upon his release from prison, Canadeo would remain under supervision.

Canadeo further argues that the sentencing court abused its discretion because the court did not state the factors upon which it relied to impose such a severe sentence. His assertion has no arguable merit. His criminal history alone justified the court's conclusion that a substantial period of imprisonment was necessary to protect the public from Canadeo's criminal conduct. We conclude that the sentencing court articulated the basis for the sentences it imposed and did not abuse its discretion. *Larsen,* 141 Wis. 2d at 428, 415 N.W.2d at 542. We therefore affirm the order denying Canadeo's motion for sentence modification.

*By the Court.*—Order affirmed.