STATE of Wisconsin, Plaintiff-Respondent,

v.

Kevin COOLIDGE, Defendant-Appellant.

Court of Appeals

*No. 92–1683–CR. Submitted on briefs November 24, 1992.—Decided January 13, 1993.*

(Also reported in — N.W.2d —.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lynn M. Bureta,* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   Kevin Coolidge appeals from two judgments of conviction and an order denying his motion for postconviction relief pursuant to sec. 974.06, Stats. (1989-90). [1] Coolidge contends that the trial court relied upon erroneous and prejudicial information in the presentence investigation report (PSI). He also argues that the habitual criminality (repeater) portions of the sentences were not authorized by law because he did not directly and specifically admit to the prior conviction, nor did the state produce evidence of the prior conviction. We conclude that Coolidge did not establish that the information relied upon by the trial court in the PSI was erroneous. We also conclude, however, that the plea colloquy was not sufficient  to constitute a direct and specific admission by Coolidge of the prior conviction. Therefore, we reverse the portions of the trial court's judgments convicting Coolidge as a repeater when imposing sentence and remand for resentencing. We affirm the remaining portions of the judgments. We also reverse the trial court's order denying the postconviction motion.

---

[1] Coolidge filed his postconviction motion pursuant to sec. 974.06, Stats., on March 26, 1992. That statute was amended effective May 12, 1992. *See*   sec. 8, 1991 Wis. Act 253. All references to sec. 974.06 in this opinion are to the 1989-90 statutes.

## FACTS

The state filed a criminal complaint against Coolidge alleging three counts. Count one alleged party to the crime of possession with intent to deliver lysergic acid diethylamide (LSD) while armed with a handgun and as a repeater, in violation of secs. 161.14(4)(j), 161.41(1m)(f)1, 161.48, 939.05, and 939.63(1)(a)3, Stats. Count two alleged party to the crime of intent to deliver marijuana while armed with a handgun and as a repeater, in violation of secs. 161.14(4)(t), 161.41(1m)(h)1, 161.48, 939.05, and 939.63(1)(a)3, Stats. Count three alleged the possession of a firearm by a person previously convicted of a felony, in violation of sec. 941.29(1) and (2), Stats. The prior conviction alleged as a basis for the repeater enhancer was the delivery of cocaine, a violation of secs. 161.16(2)(b) and 161.41(1)(c)1, Stats.

After a preliminary hearing, the state filed a criminal information against Coolidge. The information was in all material respects similar to the complaint except that the repeater allegation was not alleged in the paragraphs alleging the three counts against Coolidge. Instead, the assistant district attorney added the repeater allegation in a separate paragraph following the counts alleged. This repeater allegation did not indicate which counts it pertained to, nor did it indicate whether it was being alleged under sec. 161.48, Stats., the penalty enhancement statute applicable to second or subsequent violations of ch. 161, Stats. (the Uniform Controlled Substances Act), or sec. 939.62, Stats., the habitual criminality statute.

At the plea hearing held before Judge Robert C. Cannon, Coolidge pled guilty to counts one and two, and the state moved to dismiss count three. Before accepting the pleas, Judge Cannon determined that the pleas were

voluntarily given by Coolidge, but did not ask Coolidge about the penalty enhancement allegations. The court granted the state's motion to dismiss count three.

The sentencing hearing was held before Judge Mary Kay Wagner-Malloy. Relying in part upon the presentence investigation report, Judge Wagner-Malloy stated the reasons for imposing the sentences. She then imposed a sentence of ten years in prison and a $1000 fine for count one. For count two, she stayed a five-year sentence and placed Coolidge on probation for ten years, to run consecutively to the prison term imposed for count one. A $500 fine and restitution of $420 also were imposed for count two. At no time did the state offer proof of the prior convictions which were the basis for the penalty enhancement allegations.

Coolidge filed a postconviction motion asking the court to modify the sentences. Coolidge argued that Judge Wagner-Malloy improperly based the sentencing decision in part upon erroneous information in the presentence investigation report. Coolidge also argued that because he did not admit nor did the state prove the repeater allegations, the imposition of the repeater statute at sentencing violated state law. Finally, Coolidge argued that the conviction underlying the repeater allegation was more than five years old, contrary to sec. 939.62(2), Stats. Judge Wagner-Malloy held that in a motion to reduce sentence, the defendant must produce a "new factor" or show that the sentence was unduly harsh. The judge denied the motion, holding that the issues raised by Coolidge in the postconviction motion met neither test.

## APPLICABILITY OF THE "NEW FACTOR" TEST

The state and Judge Wagner-Malloy classified the defendant's challenge to his sentences as a motion for modification of sentence under sec. 973.19, Stats., requiring the defendant to prove the existence of a "new factor" as stated in *State v. Franklin,* 148 Wis. 2d 1, 8, 434 N.W.2d 609, 611 (1989). We disagree. An examination of the challenges presented in the motion reveals that none ask the court to modify the sentences, but all ask the court to correct the sentences imposed in violation of Wisconsin law and which, therefore, are in excess of the maximum sentence authorized by law. The motion also asks the court to correct the sentences based on a due process violation. This type of motion is governed by sec. 974.06, Stats.,[2] and does not require the application of the "new factor" test.

## PRESENTENCE INVESTIGATION REPORT

Coolidge argues on appeal that he was improperly sentenced with erroneous and prejudicial information supplied in the presentence investigation report. A defendant has a due process right to be sentenced based upon accurate and valid information. *See State v. Johnson,* 158 Wis. 2d 458, 468, 463 N.W.2d 352, 357

---

[2] Section 974.06, Stats. (1989-90), stated in relevant part:

**Postconviction procedure. (1)** After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Ct. App. 1990). To establish a due process violation, the defendant has the burden of proving by clear and convincing evidence the inaccuracy of the information and that the information was prejudicial. *State v. Littrup,* 164 Wis. 2d 120, 132, 473 N.W.2d 164, 168 (Ct. App. 1991). This constitutional issue presents a question of law which we review *de novo. Id.* at 126, 473 N.W.2d at 166.

At the sentencing proceeding, Judge Wagner-Malloy noted that Coolidge was "in an altercation at Danny's Bar." Coolidge's counsel pointed out to the court that Coolidge "was never charged with that, nor was [his parole] ever revoked on that." Coolidge's counsel also noted that "the Municipal Court dropped that because they determined that it wasn't him." Judge Wagner-Malloy then stated:

> I'm not determining the guilt or whether or not he struck anyone in the mouth. It goes to alcohol treatment, [he] stops going to AA and NA, and then he's in an altercation. Somebody hit somebody in Danny's Bar. It doesn't look like very solid adherence to the AA . . ..

On appeal Coolidge argues that the information about the altercation in Danny's Bar was inaccurate because the charges were dropped against him. Although it may be true that the charges were dropped because of mistaken identity, the information is still relevant to show that Coolidge was in a bar during the time he was supposed to be undergoing treatment for alcoholism. Coolidge never argued that he was not in the bar—only that he was not in the fight. The remarks by Judge Wagner-Malloy make clear that she considered the incident for the limited purpose of its relationship to treatment, which we believe was proper. Coolidge has not met

the burden of showing that the information about being in Danny's Bar was inaccurate in that respect.

## SENTENCE AS A REPEATER

Coolidge challenges the sentences given him on the grounds that the repeater portions of the sentences were not authorized by law because he did not directly and specifically admit to the prior conviction, nor did the state produce evidence of the prior conviction. He also contends that the prior felony which was alleged as a basis of the repeater, a 1983 conviction for the delivery of cocaine, was more than five years old, contrary to sec. 939.62(2), Stats.

As an initial matter we must determine whether Coolidge was sentenced under sec. 939.62, Stats.,[3] the general repeater statute, or sec. 161.48, Stats.,[4] the penalty enhancer for prior violations of the Uniform Con-

---

[3] Section 939.62, Stats., states in relevant part:

**Increased penalty for habitual criminality. (1)** If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed . . . the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

. . ..

(b) A maximum term of more than one year but not more than 10 years may be increased . . . by not more than 6 years if the prior conviction was for a felony.

. . ..

(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced . . . which convictions remain of record and unreversed.

[4] Section 161.48, Stats., states in relevant part:

**Second or subsequent offenses.**

. . ..

(2) If any person is convicted of a 2nd or subsequent offense under this chapter that is specified in s. 161.41 . . . (1m) . . . (f) . . . or

790

trolled Substances Act. Although the judgments of conviction indicate that Coolidge was sentenced as a repeater under sec. 939.62, we hold that Coolidge actually was sentenced under sec. 161.48.

The information as issued by the district attorney did not recite which statute the state was proceeding under for the repeater allegations, but the complaint alleges violations of sec. 161.48, Stats. An examination of the transcript of the motion hearing held on May 30, 1991 before Judge Jerold W. Breitenbach reveals that all parties were aware that the state was proceeding under sec. 161.48. The hearing concerned Coolidge's motion to dismiss the information and motion to dismiss the weapons enhancer of counts one and two. An extended discussion took place between Coolidge's counsel, Judge Breitenbach and the district attorney about whether the weapons enhancer was to be applied before consideration of any repeater provisions. During the course of the discussion, each participant assumed that the repeater provision doubled the maximum penalties. Coolidge's counsel more specifically referred to the "*drug* repeater enhancer, which says to double the maximum penalties." (Emphasis added.) Because sec. 161.48 doubles the minimum and maximum penalties while sec. 939.62, Stats., adds additional years onto the sentence imposed, it is clear that all participants at the hearing knew Coolidge was charged under sec. 161.48.

(h) . . . any applicable minimum and maximum fines and minimum and maximum periods of imprisonment . . . are doubled. . ..

(3) For purposes of this section, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substance, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.

Judge Wagner-Malloy's remarks at the sentencing hearing also imply that she intended to sentence Coolidge under sec. 161.48, Stats. Judge Wagner-Malloy imposed sentences and fines for counts one and two. Although she indicated that she was imposing "the minimum fines in this matter," of $1000 and $500, respectively, Judge Wagner-Malloy also recognized that the fines "add up to, because of the drug surcharges, a substantially higher figure" than the minimums. This "substantially higher figure" was not reflected in the judgments of conviction. If the judgments had reflected the application of sec. 161.48, the fines would have doubled to $2000 and $1000.

We conclude that a scrivener's error on the judgments of conviction improperly indicated that Coolidge was sentenced as a repeater under sec. 939.62, Stats., and that the fines were $1000 and $500. Judge Wagner-Malloy's remarks indicate that Coolidge actually was sentenced under the enhanced penalties provision of sec. 161.48, Stats. There was no prejudice to Coolidge by the error, however, because Coolidge was informed of the correct allegations through the complaint, and discussions by his counsel at the motion hearing reaffirmed that Coolidge was aware that sec. 161.48 was the basis of the charges.

In addition, because Coolidge actually was sentenced by Judge Wagner-Malloy under sec. 161.48, Stats., any prior conviction under ch. 161, Stats., regardless of its date, could have been used as the basis for enhanced penalties under sec. 161.48. Therefore, the 1983 conviction for the delivery of cocaine could be used as the basis for the enhanced penalties.

We now turn to the main issue on appeal: whether the enhanced penalty portions of the sentences under sec. 161.48, Stats., were authorized by law when Coolidge

did not directly and specifically admit to the prior conviction and the state did not produce evidence of the prior conviction. We first note that the requirements of a defendant's admission to the prior conviction or proof by the state are explicitly mandated in sec. 973.12(1), Stats.,[5] when the person is a repeater under sec. 939.62, Stats. The state does not argue, and we do not think it good practice because of due process concerns, for the state to have any lesser burden when it alleges the enhanced penalty provisions of sec. 161.48. We therefore look to the requirements of sec. 973.12(1) and cases interpreting that statute when applying the enhancement provisions of sec. 161.48.

Our supreme court has held that the defendant's admission to a prior conviction "may not by statute be inferred nor made by defendant's attorney, but rather, must be a direct and specific admission by the defendant." *State v. Farr,* 119 Wis. 2d 651, 659, 350 N.W.2d 640, 645 (1984).

Our examination of the record discloses that Judge Cannon's discussion with Coolidge at the plea hearing was the only discussion which arguably could constitute

---

[5] Section 973.12(1), Stats., provides in relevant part as follows:

> Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. . ..

such a direct and specific admission. Before accepting Coolidge's plea, Judge Cannon engaged Coolidge in the following colloquy:

> THE COURT: . . .. You've discussed this matter with your lawyer?
>
> [COOLIDGE]: Yes, I have, your Honor.
>
> THE COURT: And you thoroughly understand it?
>
> [COOLIDGE]: Yes, I do.
>
> THE COURT: No one's made you any promises or threats to you to plead guilty to Count 1 here?
>
> [COOLIDGE]: There's been no
>
> THE COURT: Nobody promised you or threatened you in any way?
>
> [COOLIDGE]: No promises, no threats, on my own free will.
>
> THE COURT: You do this freely and voluntarily.
>
> All right. The Court finds based upon the answers propounded the defendant by the Court, the Court finds that he's freely and voluntarily entered his plea of guilty to Count 1. The Court accepts that plea as being made freely and voluntarily.
>
> [PROSECUTOR]: Judge, it would be Counts 1 and 2.
>
> THE COURT: Count 1 and 2. All right. . ..
>
> [PROSECUTOR]: You're pleading guilty to Counts 1 and 2, right?
>
> [COOLIDGE]: Right. I'm pleading guilty to Counts 1 and 2.
>
> THE COURT: All right.

This plea colloquy is insufficient to constitute an admission of the previous conviction in light of *Farr* and *State v. Rachwal,* 159 Wis. 2d 494, 465 N.W.2d 490 (1991).

In *Rachwal,* the supreme court examined whether the plea colloquy in that case was a sufficient admission of the previous conviction. During the course of taking the plea, the trial court did not directly ask the defendant whether the prior convictions alleged in the complaint existed, nor did the defendant specifically acknowledge the prior convictions. The trial court did draw the defendant's attention specifically to the repeater provision and the possibility of enhanced penalties. The supreme court held that this colloquy was sufficient to constitute a direct and specific admission by the defendant as required by *Farr,* but noted that "the circumstances here approach the absolute bare minimum necessary for a valid admission." *Id.* at 513, 465 N.W.2d at 497.

The plea colloquy between Judge Cannon and Coolidge did not begin to approach this "bare minimum." Judge Cannon merely referred to the "counts" against Coolidge and did not draw Coolidge's attention to the repeater nature of the charges or the possible enhanced penalties. This recitation was especially necessary because the paragraphs of the information setting forth the counts did not mention the repeater allegations—the repeater allegations were set forth in a separate paragraph.

Due to the increasing number of cases on appeal concerning procedural irregularities for repeater convictions, we feel it is necessary to stress the importance of following the requirements of sec. 973.12(1), Stats., and now also sec. 161.48, Stats. *Farr* pointed out that an admission may be obtained simply by the court asking the defendant the direct question of "whether the defendant was convicted on a particular date of a specific crime." *Farr,* 119 Wis. 2d at 659, 350 N.W.2d at 645. If the prosecutor questions whether the colloquy was ade-

quate, submission of the appropriate documentation of the prior conviction is always acceptable. By following the mandates of the statute, the system ensures that the defendant is sentenced upon accurate information and is properly informed about the nature of the plea and sentence. Through legislation and judicial interpretation, this state has provided methods to address these concerns which are of constitutional magnitude; the system must do its best to see that these concerns are attended to.

We conclude that sentencing Coolidge under sec. 161.48, Stats., was improper because he neither admitted a prior conviction nor did the state offer proof of one. When a defendant is illegally sentenced under sec. 161.48, we must remand the case to the trial court for resentencing. *Compare with State v. Wilks,* 165 Wis. 2d 102, 112, 477 N.W.2d 632, 637 (Ct. App. 1991) (if a defendant is illegally sentenced as a repeater under sec. 939.62, Stats., the sentence is commuted without further proceedings to the maximum permitted by the law). Remand is necessary because sec. 161.48, operates to double the minimum and maximum penalties and fines, thereby expanding the range within which the sentencing court may exercise its discretion. *See State v. Canadeo,* 168 Wis. 2d 559, 562, 484 N.W.2d 340, 341 (Ct. App. 1992); *compare with State v. Harris,* 119 Wis. 2d 612, 619, 350 N.W.2d 633, 637 (1984) (sentencing under sec. 939.62 is not considered unless the trial court seeks to impose a sentence greater than the maximum sentence for the crime of which the defendant is convicted). Public policy strongly disfavors appellate interference with the trial court's sentencing discretion. *State v. Ray,* 166 Wis. 2d 855, 874, 481 N.W.2d 288, 296 (Ct. App. 1992). Therefore, this court is not in a position

to modify the sentence and we remand to the trial court for resentencing without the sec. 161.48 penalty enhancement provisions. *See id.*

*By the Court.*—Judgments affirmed in part, reversed in part and cause remanded with directions; order reversed.