STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert L. NOLL, Defendant-Appellant.

Court of Appeals

*No. 01–3341–CR. Submitted on briefs September 12, 2002.— Decided October 16, 2002.*

2002 WI App 273

(Also reported in 653 N.W.2d 895.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert L. Noll*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Robert L. Noll appeals a circuit court order denying his motion for sentence modification and a circuit court order denying his motion for reconsideration of the denial of sentence modification. Noll argues that the court erred in denying his sentence modification motion as untimely. We agree. Therefore, we reverse and remand.

¶ 2. **Background.** On February 3, 1999, Noll was charged with two counts of delivery of marijuana in addition to one count of delivery of marijuana, party to a crime. All three counts included repeater allegations

under WIS. STAT. § 939.62 (1999–2000).[1] On July 20, 1999, Noll pled guilty to "three counts of delivery as a repeater." On count one, the circuit court sentenced Noll to seven years in prison consecutive to his parole revocation and to any other sentences he was presently serving. The court withheld sentence and imposed five years of probation on counts two and three, with the probation terms to run consecutive to the prison term imposed on count one but concurrent with each other. The court also ordered restitution, payment of a fine and payment of court costs. Judgments of conviction were entered on August 23, 1999.

¶ 3. On October 11, 2001, the clerk received Noll's motion for sentence reduction. On October 30, 2001, the circuit court denied Noll's motion as untimely under WIS. STAT. § 973.19.[2] On November 27, 2001, the court denied Noll's motion for reconsideration. Noll appeals.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] WISCONSIN STAT. § 973.19 provides:

**Motion to modify sentence. (1)** (a) A person sentenced to imprisonment or the intensive sanctions program or ordered to pay a fine who has not requested the preparation of transcripts under s. 809.30(2) may, within 90 days after the sentence or order is entered, move the court to modify the sentence or the amount of the fine.

(b) A person who has requested transcripts under s. 809.30(2) may move for modification of a sentence or fine under s. 809.30(2)(h).

**(2)** Within 90 days after a motion under sub. (1)(a) is filed, the court shall enter an order either determining the motion or extending the time for doing so by not more than 90 days for cause.

**(3)** If an order determining a motion under sub. (1)(a) is not entered timely under sub. (2), the motion shall be considered denied and the clerk of the court shall immediately enter an order denying the motion.

¶ 4. **Standard of Review.** We review a motion for sentence modification by determining whether the sentencing court erroneously exercised its discretion in sentencing the defendant. *See Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). It follows that our review of a circuit court's decision to dismiss a motion for sentence modification is reviewed under the same standard. However, this case involves the application of WIS. STAT. § 973.19 to undisputed facts, which presents a question of law reviewed without deference to the trial court. *State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989).

¶ 5. **Discussion.** Our reversal is not based on the merits of Noll's motion for sentence modification. Instead, we reverse because the circuit court erroneously ruled that Noll missed the deadline to move for modification of his sentence under the ninety-day time limit set out in WIS. STAT. § 973.19. This reasoning demonstrates that the court misguidedly considered Noll's motion as cognizable under § 973.19. However, the court should have recognized that Noll's motion invoked the circuit court's inherent authority to modify a sentence based on new factors. In his motion, Noll specifically stated that his claims were brought "pursuant to the circuit court's inherent power to modify a sentence on the basis of either a new factor, not considered at defendant's original sentencing or an

---

**(4)** An appeal from an order determining a motion under sub. (1)(a) is governed by the procedure for civil appeals.

**(5)** By filing a motion under sub. (1)(a) the defendant waives his or her right to file an appeal or postconviction motion under s. 809.30(2).

577

abuse of the court's discretion at the time of sentencing, or both." Noll did not proceed under § 973.19, and the ninety-day time limit in that statute did not apply to his motion.

■ .

¶ 6. The State concedes circuit court error in this regard. Nonetheless, the State argues that Noll's motion lacks merit and we should affirm based on our ability to do so under *State v. Horn*, 139 Wis. 2d 473, 490, 407 N.W.2d 854 (1987) ("if the holding is correct, it should be sustained, and this court may do so on a theory or on reasoning not presented to the lower courts").

¶ 7. We decline to do so because whether a new factor justifies sentence modification rests within the sound discretion of the circuit court. *See State v. Norton*, 2001 WI App 245, ¶ 8, 248 Wis. 2d 162, 635 N.W.2d 656. The court did not address Noll's motion under a new-factor analysis; on remand, we direct the court to exercise its discretion by considering Noll's motion for sentence modification under a new-factor analysis and to make a determination on the merits.

¶ 8. In order to assist the lower court on remand, we briefly clarify the distinction between a WIS. STAT. § 973.19 modification motion and a motion based on a new-factor analysis, which invokes the inherent power of the court.

¶ 9. A defendant can seek sentence modification in two ways. First, a defendant can file a motion under WIS. STAT. § 973.19, which permits a defendant "to move for modification of his sentence as a matter of right." *State v. Scaccio*, 2000 WI App 265, ¶ 3, 240 Wis. 2d 95, 622 N.W.2d 449. Paragraph (1)(a) of § 973.19 applies to defendants who do not want to pursue an appeal yet

want to seek sentence modification because, they contend, the circuit court imposed too severe a sentence.[3] This paragraph also applies to claims that a court imposed an "unduly harsh or unconscionable" sentence. *State v. Macemon*, 113 Wis. 2d 662, 668 n.3, 335 N.W.2d 402 (1983).

¶ 10. Thus, if a defendant opts not to pursue a direct appeal of a conviction and seeks only to challenge his or her sentence, Wis. Stat. § 973.19(1)(a) provides the mechanism for asserting an erroneous exercise of discretion based on excessiveness, undue harshness, or unconscionability.

¶ 11. The second approach a defendant may take to seek sentence modification is to move for discretionary review, invoking the "inherent power" of the circuit court. *Hayes v. State*, 46 Wis. 2d 93, 101, 175 N.W.2d 625 (1970), *overruled on other grounds by State v. Taylor*, 60 Wis. 2d 506, 523, 210 N.W.2d 873 (1973). The court exercises its inherent power to modify a sentence only if a defendant demonstrates the existence of a "new factor" justifying sentence modification. *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989).

---

[3] *See* Judicial Council Note 1984, for Wis. Stat. § 973.19, which states in pertinent part:

> This section is intended as an expeditious alternative to the procedure prescribed in s. 809.30(2) when the only claim for postconviction relief relates to the severity of the sentence. It is not intended to alter the substantive grounds for such relief and it restores the time limits governing such motions prior to the 1978 revision of the appellate rules.
>
> This section will probably be most frequently used in guilty plea cases, although it is not limited to such cases.

¶ 12. Noll sought sentence modification under the second approach. That is, Noll's motion invoked the circuit court's inherent authority to modify his sentence based on new factors. This inherent authority may be exercised as a matter of discretion and is not governed by a time limitation. *State v. Machner*, 101 Wis. 2d 79, 82, 303 N.W.2d 633 (1981). The circuit court, therefore, should not have dismissed Noll's motion as untimely under Wis. Stat. § 973.19. Instead, the court should have analyzed the merits of the specific claims made in Noll's motion for sentence modification and we direct it to do so on remand.

¶ 13. Finally, we address the State's concern that there exists contradictory case law blurring the distinction between the basis for sentence modification under Wis. Stat. § 973.19 and the basis for sentence modification when a defendant invokes a circuit court's inherent power to review and modify a sentence. Specifically, we speak to the State's valid criticism of *Scaccio*, 2000 WI App 265, in light of our opinion in *State v. Coolidge*, 173 Wis. 2d 783, 788, 496 N.W.2d 701 (Ct. App. 1993), which relied on the supreme court's opinion in *Franklin*, 148 Wis. 2d at 1.

¶ 14. The State points out that the *Scaccio* court wrote, "When proceeding under Wis. Stat. § 973.19, a defendant's sentence may be modified if there is some 'new factor.'" *Scaccio*, 2000 WI App 265 at ¶ 13. The State correctly contends that our holding in *Coolidge* contradicts this statement and clearly does not support linking § 973.19 with a new-factor analysis. The State is correct. In fact, the only connection in *Coolidge* between § 973.19 and a new-factor analysis arose in the *Coolidge* court's summary of the way the State and the

580

circuit court judge had characterized the issue—a characterization with which the *Coolidge* court specifically disagreed:

> The state and Judge Wagner-Malloy classified the defendant's challenge to his sentences as a motion for modification of sentence under sec. 973.19, Stats., requiring the defendant to prove the existence of a "new factor" as stated in *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609, 611 (1989). *We disagree*. An examination of the challenges presented in the motion reveals that none ask the court to modify the sentences, but all ask the court to correct the sentences imposed in violation of Wisconsin law and which, therefore, are in excess of the maximum sentence authorized by law. The motion also asks the court to correct the sentences based on a due process violation. This type of motion is governed by sec. 974.06, Stats., and does not require the application of the "new factor" test.

*Coolidge*, 173 Wis. 2d at 788 (emphasis added; footnote omitted).

¶ 15. ·In contrast to the *Scaccio* opinion, the *Coolidge* opinion followed the precedent of our supreme court's holding in *Franklin*, 148 Wis. 2d at 1. *Franklin* does not mention WIS. STAT. § 973.19, nor does it require a defendant to prove the existence of a new factor when seeking sentence modification under that statute. Rather, in *Franklin*, because thirteen years had passed between the imposition of sentence and the defendant's filing of his sentence modification motion, the modification issue arose in the context of the sentencing court's exercise of its inherent power to modify a sentence based on the existence of a new factor, *not* in the context of a motion under § 973.19. *Franklin*, 148 Wis. 2d at 5–8.

¶ 16. We conclude that based upon the precedents of *Franklin* and *Coolidge*, the *Scaccio* decision wrongly linked WIS. STAT. § 973.19 with a new-factor analysis. In this linking, the *Scaccio* court erroneously acted to "overrule, modify or withdraw language from a published opinion" of the supreme court and the court of appeals, an act solely within the discretion of the supreme court. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). In *Cook*, our supreme court made its exclusive authority clear:

> The court of appeals is a unitary court; published opinions of the court of appeals are precedential; litigants, lawyers and circuit courts should be able to rely on precedent; and law development and law defining rest primarily with the supreme court. Adhering to these principles we conclude that the constitution and statutes must be read to provide that only the supreme court, the highest court in the state, has the power to overrule, modify or withdraw language from a published opinion of the court of appeals. In that way one court, not several, is the unifying law defining and law development court.
>
> The court of appeals, however, is not powerless if it concludes that a prior decision of the court of appeals or the supreme court is erroneous. It may signal its disfavor to litigants, lawyers and this court by certifying the appeal to this court, explaining that it believes a prior case was wrongly decided. Alternatively, the court of appeals may decide the appeal, adhering to a prior case but stating its belief that the prior case was wrongly decided.

*Id.* Thus, insofar as *Scaccio* blurs the distinction between the two discrete avenues that a defendant can

pursue to seek a modification of his or her sentence, *Scaccio* violates the principle of *Cook*.[4]

*By the Court.*—Orders reversed and cause remanded with directions.

---

[4] We recognize that our holding today *appears* to also violate the *Cook* rule that an appellate decision may not overrule another appellate or supreme court decision. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). However, on close examination, the reader will recognize that our holding (which reflects that there are two distinct ways a defendant can pursue sentence modification) does nothing more than reiterate the law under previous supreme court and court of appeals precedent. *See State v. Coolidge*, 173 Wis. 2d 783, 496 N.W.2d 701 (Ct. App. 1993), and *State v. Franklin*, 148 Wis. 2d 1, 434 N.W.2d 609 (1989).