COURT OF APPEALS
DECISION
DATED AND FILED

December 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     2019AP1244-CR

STATE OF WISCONSIN

Cir. Ct. No. 1999CF3251

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT ,

V.

GERALD D. TAYLOR,

DEFENDANT-APPELLANT

APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

Before Brash, P.J., Donald and White, JJ.

¶1     WHITE, J. Gerald D. Taylor appeals the order denying his postconviction motion for sentence modification. Taylor argues that a new factor exists because the circuit court was unaware that he was subject to a presumptive

mandatory release date because of the nature of his conviction. We disagree that Taylor presented a new factor; therefore, we affirm.

## BACKGROUND

¶2    Taylor was convicted of two counts of first-degree sexual assault of a child after entering no contest pleas on September 30, 1999. He was charged with sexually assaulting an eleven-year-old girl, his stepdaughter's friend, who spent the night at his residence with his stepdaughter. After assaulting the victim, he threatened to kill her if she told anyone. After a plea colloquy, the circuit court accepted his pleas and found him guilty.

¶3    At the sentencing hearing, the circuit court imposed a thirty-year indeterminate sentence for each count, to be served consecutively. The circuit court informed Taylor that it could sentence him to the "maximum penalty provided by law[,]" which would equal eighty years. Although it described Taylor's offenses as "horrific" and "evil," the court was satisfied that Taylor was "truly remorseful" for his actions. The circuit court explained that it accounted for the parole system in place at the time of Taylor's crimes when it imposed his sentences.

> [The court:] I know everyone in the criminal justice system knows whatever sentence I impose, you will have to serve one-quarter of that sentence and then you will be eligible for parole, and you could serve up to two-thirds of the time imposed. That's when you would reach your mandatory release date.

The court explained to Taylor he would "end up serving a minimum of fifteen years, and [he] could serve up to a maximum time of forty years." The circuit court explained that when Taylor finally reached his parole date, DOC could seek to have him "committed as a sexually violent offender, … where [he could] be placed in a prison-like hospital where [he could] remain potentially for the rest of [his] life."

2

¶4    Taylor filed several motions for postconviction relief,[1] but in the motion underlying this appeal, Taylor requested that the postconviction court modify his sentence from sixty to forty years to reflect the circuit court's intent during sentencing.[2] He argued that the circuit court was unaware that the sentence imposed would result in far lengthier confinement because Taylor's conviction required his sentence to be considered to have a presumptive mandatory release (PMR) date instead of a mandatory release (MR) date. *See* WIS. STAT. § 302.11(1)-(1g) (2017-18).[3]

¶5    The postconviction court denied Taylor's motion for sentence modification after a thorough review of the sentencing transcript and the parties' arguments. It was not persuaded that the circuit court would have lessened the sentence if it had known there was a possibility that Taylor would be kept in prison past his mandatory release date. It ruled that "[t]he PMR law may have been relevant to [the circuit court] for purposes of explaining to the defendant what he was facing, but it is not likely to have altered his sentences based on the nature of the offenses, which the court found to be 'horrific.'" Further, it ruled that Taylor's motion was wholly premature because he had not served a sentence longer than his MR date; therefore, it was not ripe for adjudication.

---

[1] Taylor appealed his conviction directly; we summarily affirmed the judgment of conviction in *State v. Taylor*, No. 2001AP1307-CR, unpublished op and order (WI App July 19, 2002). We denied his *pro se* postconviction motion because his claims were procedurally barred. *See State v. Taylor*, No. 2003AP3239 unpublished slip op (WI App Jan. 25, 2005). We do not address his prior appeals in this decision.

[2] Taylor's plea and sentencing was heard by the Honorable John D. DiMotto, whom we refer to as the circuit court. Taylor's postconviction motion was heard by the Honorable Joseph R. Wall, whom we refer to as the postconviction court.

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶6     This appeal follows. Additional facts are included in the discussion.

## DISCUSSION

¶7     As a threshold matter, Taylor argues that his appeal is ripe for review because PMR was attached at sentencing by statute and its application could keep him in prison longer than intended by the circuit court. The State argues that this court is being asked to issue an advisory opinion or to adjudicate issues based on hypothetical or future facts. *See State v. Armstead*, 220 Wis. 2d 626, 631, 583 N.W.2d 444 (Ct. App. 1998). The State agrees with the postconviction court that this matter is not ripe for review because Taylor has not served two-thirds of his total sixty-year sentence and then been denied parole at his PMR date. Therefore, it is hypothetical or unknown if Taylor will stay in prison later than that date.

¶8     This court must determine if a legal issue is ripe for adjudication before issuing a decision. "The two fundamental considerations in a ripeness analysis are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *State v. Thiel*, 2012 WI App 48, ¶7, 340 Wis. 2d 654, 813 N.W.2d 709 (citations omitted). "A ripeness determination … is a legal conclusion and therefore reviewed as a question of law." *Olson v. Town of Cottage Grove*, 2008 WI 51, ¶37, 309 Wis. 2d 365, 749 N.W.2d 211. Although not all adjudicatory facts must be resolved, "[t]he facts on which the court is asked to make a judgment should not be contingent or uncertain[.]" *Putnam v. Time Warner Cable of Se. Wis., Ltd. P'ship*, 2002 WI 108, ¶44, 255 Wis. 2d 447, 649 N.W.2d 626.

¶9     The fact that Taylor has not been denied parole "at the time the motion was brought is irrelevant." *See Loy v. Bunderson*, 107 Wis. 2d 400, 411, 320 N.W.2d 175 (1982). Taylor is not appealing that he was wrongfully denied parole,

4

but instead he moves the court for "an interpretation of the present status" of a prisoner as a result of the statutory construction of WIS. STAT. § 302.11(1) and (1g) and the facts of the sentencing hearing conducted in 2000. *See Loy*, 107 Wis. 2d at 411. A determination of Taylor's present rights under his sentence would enable him—as well as DOC and the parole board—to plan for his future time in prison. *See id.*

¶10 The legal issues that Taylor raises are readily apparent in the record; there is no reason to require Taylor to wait until he has served forty years to contest his sentence composition under the new factor framework. *See State v. Dawson*, 2004 WI App 173, ¶24, 276 Wis. 2d 418, 688 N.W.2d 12. It would be unfair to Taylor to require him to complete the term of his sentence before allowing him to appeal an unfair imposition. *See id.*; *McCleary v. State*, 49 Wis. 2d 263, 276, 182 N.W.2d 512 (1971) ("The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." (citation omitted)).

¶11 Although we disagree with the postconviction court about the ripeness of Taylor's motion because the record contains the necessary facts to resolve this matter, we conclude the postconviction court appropriately denied Taylor's motion for sentence modification. A circuit court may modify a sentence upon a showing of a new factor. *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. A claim that a new factor warranting sentence modification exists invokes the inherent, though limited, authority of the circuit court to modify a sentence, and can be made at any time. *See State v. Noll*, 2002 WI App 273, ¶¶11–12, 258 Wis. 2d 573, 653 N.W.2d 895.

¶12 A new factor is "a set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because … it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). The defendant has the burden of proving by clear and convincing evidence that a new factor exists. *Harbor*, 333 Wis. 2d 53, ¶36. Whether a fact or set of facts constitutes a new factor is a question of law. *Id.*, ¶33. If the facts do not constitute a new factor as a matter of law, a circuit court need go no further in the analysis. *Id.*, ¶38. If the defendant shows that a new factor exists, however, then the circuit court has discretion to determine whether the new factor warrants sentence modification. *See id.*, ¶37.

¶13 Taylor argues that the circuit court was unaware at sentencing that Taylor's sentence would be governed by a PMR date instead of a MR date. As a general rule, a prisoner sentenced for a crime committed before December 31, 1999, is entitled to mandatory release after serving two-thirds of his or her sentence. *See* WIS. STAT. § 302.11(1). Pursuant to § 302.11(1g)(am), a mandatory release date is only a presumptive mandatory release date for prisoners who committed a serious felony between April 21, 1994, and December 31, 1999. The parole commission may, for the reasons set forth in § 302.11(1g)(b)1.-2., deny presumptive mandatory release to an inmate who is serving a sentence for a serious felony. First-degree sexual assault is serious felony within the meaning of the statute. *See* § 302.11(1g)(a)2. Taylor claims that the circuit court was unaware that his conviction qualified as a "serious felony" under the statute; therefore, the terms of the sentence imposed did not match the sentence described in the circuit court's reasoning on the record.

¶14 Taylor argues that because the circuit court stated that Taylor's sentence would be from fifteen to forty years, we should assume that the circuit court intended Taylor to serve a maximum of forty years, instead of potentially facing his full sixty-year sentence. Therefore, Taylor argues we should modify his sentence to a maximum of forty years. He then interprets the maximum forty-year term to mean that he would be eligible for a PMR date at two-thirds of the forty-year term, which equals twenty-six years, eight months.

¶15 At the outset, we are not persuaded that the circuit court was unaware of PMR and parole policy in Wisconsin. The circuit court is presumed to know the law. *See* **Tri-State Mech., Inc. v. Northland Coll.**, 2004 WI App 100, ¶10, 273 Wis. 2d 471, 681 N.W.2d 302. PMR had been in place for five years and the circuit court referenced that the new truth in sentencing system was taking effect soon after Taylor's conviction. It is reasonable to infer that the circuit court was aware of the application of PMR to Taylor's sentence, even if it did not explain its potential impact. Nevertheless, even if we assume that the circuit court was unaware of PMR's impact on Taylor's sentence, we agree with the postconviction court's assessment that Taylor's parole date, either mandatory or presumptive, was not highly relevant to the circuit court's construction of Taylor's sentence.

¶16 Taylor argues that the circuit court was unaware that PMR would apply to Taylor's sentence because it did not use the term "serious felony" and it did not explain the impact of PMR on Taylor's sentence. That is not necessary. "While a circuit court must articulate the basis for its sentence, it is not required to use magic words." **State v. Ziller**, 2011 WI App 164, ¶13, 338 Wis. 2d 151, 807 N.W.2d 241. The record demonstrates that the circuit court considered Taylor to have committed a serious crime. The circuit court was concerned about Taylor's "Dr. Jekyll and Mr. Hyde" behavior. It considered his actions toward the victim "an

act of terrorism[.]" The circuit court explained that while Taylor may be released on his "mandatory release date," his release was not certain "given the nature of these offenses[.]" These comments indicate that the circuit court considered Taylor's convictions to be serious felonies.

¶17 We reject Taylor's supposition that the circuit court did not contemplate that Taylor could serve forty years of his sentence. The circuit court clearly understood the parole policies then in place. The circuit court explained that it imposed a sixty-year sentence because that guaranteed a minimum time of fifteen years, equaling one-quarter of the sentence, and an acceptable release date at forty years, equaling two-thirds of the sentence. The circuit court did not express a desire for Taylor to serve the complete sentence of sixty years—it stated that Taylor's adjustment and rehabilitation had an effect on whether Taylor was paroled at all, or whether he may potentially face a WIS. STAT. ch. 980 commitment. Taylor's claim that the circuit court intended for him to be eligible for release at two-thirds (twenty-six years and eight months) of two-thirds (forty years) of the original sentence (sixty years) is clearly a misinterpretation of the circuit court's words and sentencing objectives.

¶18 Our review of the record supports the conclusion that the circuit court crafted the sentence to ensure Taylor served "at least a minimum number [of years] … after which the department can determine when you are truly parole eligible, if you're ever parole eligible." The circuit court contemplated parole and the importance of support for Taylor if he exits prison, but it did not consider parole to be certain or necessary to the objectives of Taylor's sentence. The postconviction court reasonably inferred that the circuit court was not concerned with the endpoint of Taylor's sentence but instead was focused on ensuring Taylor was in prison for a minimum amount of time for rehabilitation, protection of the community, and

punishment. We conclude his parole date was not "highly relevant" to the sentence imposed. *See Rosado*, 70 Wis. 2d at 288. Accordingly, we conclude that Taylor has not raised a new factor for sentence modification. When the facts do not constitute a new factor as a matter of law, then no sentence modification is available. *See Harbor*, 333 Wis. 2d 53, ¶38.

¶19 Although the postconviction court denied Taylor's motion as premature, it concluded that Taylor's potential parole date was not highly relevant in the circuit court's sentencing objectives. Because the circuit court's knowledge of PMR does not constitute a new factor, we conclude that the postconviction court properly denied Taylor's postconviction motion.

*By the court*—Order affirmed.

Not recommended for publication in the official reports.