STATE of Wisconsin, Plaintiff-Respondent,

v.

Franciollo L. JONES, Defendant-Appellant.†

Court of Appeals

*No. 03–3245–CR. Submitted on briefs August 3, 2004.—Decided October 12, 2004.*

2004 WI App 212

(Also reported in 689 N.W.2d 917.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Syovata K. Edari*, assistant state public defender, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Shannon Wittenberger*, Assistant Attorney General, and *Peggy A. Lautenschlager*, Attorney General.

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. CURLEY, J. Franciollo L. Jones appeals a portion of the judgment convicting him of delivery of cocaine, as a party to the crime, contrary to Wis. Stat. § 961.41(1)(cm)1 and 939.05 (2001–02).[2] He also appeals from the order denying his postconviction motion. Jones contends that the trial court erred in granting only part of his postconviction motion. Although he asked that the postconviction court vacate the order requiring him to submit a DNA sample because he had already submitted one, the court did not rule on that request. All parties and the court appear to believe that part of the motion had been granted. Jones also claims that the court had no authority to require him to pay the DNA surcharge since no DNA sample was required. Because the trial court had the authority to order the DNA surcharge, and properly exercised its discretion in doing so, we affirm.

## I. Background.

¶ 2. Jones was charged with delivery of cocaine, as a party to the crime. He pled guilty. The trial court sentenced him to twenty months' initial confinement, followed by eighteen months of extended supervision. At the sentencing hearing, the trial court ordered Jones to submit a DNA sample and to pay the DNA surcharge. Jones brought a postconviction motion requesting that the trial court delete the requirement for submission of a DNA sample and vacate the ordered surcharge, as he had already submitted a sample. Jones provided a letter from the State Crime Laboratory indicating it needed only one sample per subject. The trial court refused to rescind the order requiring Jones to pay the surcharge

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

unless Jones could prove that he had paid the surcharge in an earlier case.[3] Jones appeals.

## II. Analysis.

¶ 3.    Jones argues that the trial court erred when it refused to relieve Jones of the order to pay the DNA surcharge. He argues that, since he had already supplied a sample in another case, obviating the need for a sample in this case, the trial court did not have the authority to impose the DNA surcharge. He submits that Wis. Stat. § 973.046(1g) does not grant the court that authority. He contends that "affirming the trial court's decision would permit the trial court to repeatedly impose DNA surcharges on defendants when no sample is required."

¶ 4.    Statutory interpretation is a question of law, and "[t]he purpose of statutory interpretation is to give effect to the plain meaning of the words in the statute." *State v. Lombard*, 2004 WI 95, ¶ 18, 273 Wis. 2d 538, 684 N.W.2d 103. "Extrinsic sources are not consulted unless the language of a statute is determined to be ambiguous." *Id.*, ¶ 19. However, "scope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute as long as the scope, context, and purpose are ascertainable from the text and structure of the statute itself, rather than extrinsic sources, such as legislative history." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 48, 271 Wis. 2d 633, 681 N.W.2d 110.

---

[3] It appears that the trial court did not intend to require submission of the redundant DNA sample, but the order inadvertently omitted action on that portion of the motion.

¶ 5. Wisconsin Stat. § 973.047 obligates the trial court to require anyone convicted of a felony to provide a DNA specimen. Section 973.047 reads:

**Deoxyribonucleic acid analysis requirements.** **(1f)** If a court imposes a sentence or places a person on probation for a felony conviction, the court shall require the person to provide a biological specimen to the state crime laboratories for deoxyribonucleic acid analysis.

**(1m)** The results from deoxyribonucleic acid analysis of a specimen provided under this section may be used only as authorized under s. 165.77 (3). The state crime laboratories shall destroy any such specimen in accordance with s. 165.77 (3).

**(2)** The department of justice shall promulgate rules providing for procedures for defendants to provide specimens when required to do so under this section and for the transportation of those specimens to the state crime laboratories for analysis under s. 165.77.[4]

---

[4] Wisconsin Stat. § 165.771(3) provides:

**(3)** If the laboratories receive a human biological specimen under s. 51.20 (13) (cr), 165.76, 938.34 (15), 971.17 (1m) (a), 973.047 or 980.063, the laboratories shall analyze the deoxyribonucleic acid in the specimen. The laboratories shall maintain a data bank based on data obtained from deoxyribonucleic acid analysis of those specimens. The laboratories may compare the data obtained from one specimen with the data obtained from other specimens. The laboratories may make data obtained from any analysis and comparison available to law enforcement agencies in connection with criminal or delinquency investigations and, upon request, to any prosecutor, defense attorney or subject of the data. The data may be used in criminal and delinquency actions and proceedings. The laboratories shall destroy specimens obtained under this subsection after analysis has been completed and the applicable court proceedings have concluded.

(Footnote added.) As the statute advises, the purpose behind this requirement is to create a DNA databank. The statute makes no exception for persons who have already submitted DNA samples, although the trial court in this case found that the State Crime Laboratory could not use more than one sample per person.

¶ 6. WISCONSIN STAT. § 973.046 gives the trial court discretion to impose a DNA surcharge on persons convicted of most felonies, but mandates the surcharge upon conviction for violation of WIS. STAT. §§ 940.225, 948.02(1) or (2), or 948.025. Section 973.046 provides:

**Deoxyribonucleic acid analysis surcharge. (1g)** Except as provided in sub. (1r), if a court imposes a sentence or places a person on probation for a felony conviction, the court may impose a deoxyribonucleic acid analysis surcharge of $250.

**(1r)** If a court imposes a sentence or places a person on probation for a violation of s. 940.225, 948.02 (1) or (2) or 948.025, the court shall impose a deoxyribonucleic acid analysis surcharge of $250.

**(2)** After the clerk of court determines the amount due, the clerk shall collect and transmit the amount to the county treasurer under s. 59.40 (2) (m). The county treasurer shall then make payment to the state treasurer under s. 59.25 (3) (f) 2.

**(3)** All moneys collected from deoxyribonucleic acid analysis surcharges shall be deposited by the state treasurer as specified in s. 20.455 (2) (Lm) and utilized under s. 165.77.

**(4)** If an inmate in a state prison or a person sentenced to a state prison has not paid the deoxyribonucleic acid analysis surcharge under this section, the department shall assess and collect the amount owed

from the inmate's wages or other moneys. Any amount collected shall be transmitted to the state treasurer.

¶ 7. Jones contends that the purpose of the surcharge is to fund the databank and the trial court cannot order the surcharge without ordering the DNA sample. The trial court disagreed, finding that it had the authority to impose a DNA surcharge without ordering a sample. The trial court wrote:

> The court will not vacate a surcharge unless a showing is made that the defendant previously paid a surcharge in another case. The court has the statutory authority to order a defendant to pay for the *testing* performed by the State Crime Lab by assessing a $250 surcharge. Section 973.046(1g), Wis. Stats. If the defendant has already provided a sample and paid a surcharge in conjunction with another case, the court will vacate a second order for a DNA surcharge. If the defendant cannot show that he has paid a surcharge in connection with the first DNA sample ordered, the court will not vacate the $250 surcharge. The defendant, rather than the taxpayers, shall pay for the DNA testing.

The trial court was correct. The language of the statute plainly states that the trial court has the discretion to order a DNA surcharge upon the entry of a judgment in this felony case. Nothing in § 973.046(1g) requires a DNA sample to be collected before the court can order the payment of the surcharge.

¶ 8. In response, Jones argues that the two statutes, WIS. STAT. § 973.046 and WIS. STAT. § 973.047, must be read together, and, if read together, require the court to order a DNA sample before it can order the surcharge.

¶ 9. The cases that Jones cites to support this argument are *State v. Ward*, 228 Wis. 2d 301, 596 N.W.2d 887 (Ct. App. 1999), and *State v. Trepanier*, 204

Wis. 2d 505, 555 N.W.2d 394 (Ct. App. 1996). However, they are no longer controlling because they rely on prior versions of Wis. Stat. §§ 973.046 and 973.047. When these cases were decided, § 973.046 (1997–98) provided, as relevant:

> **Deoxyribonucleic acid analysis surcharge. (1)** If a court imposes a sentence or places a person on probation under any of the following circumstances, the court shall impose a deoxyribonucleic acid analysis surcharge of $250:
>
> (a) The person violated s. 940.225 or 948.02(1) or (2).
>
> (b) *The court required the person to provide a biological specimen under s. 973.047(1).*

(Emphasis added.) Section 974.047 (1997–98) provided, as relevant:

> **Deoxyribonucleic acid analysis requirements. (1)**(a) If a court imposes a sentence or places a person on probation for a violation of s. 940.225, 948.02(1) or (2) or 948.025, the court shall require the person to provide a biological specimen to the state crime laboratories for deoxyribonucleic acid analysis.
>
> (b) Except as provided in par. (a), if a court imposes a sentence or places a person on probation for any violation under ch. 940, 944, or 948 or ss. 943.01 to 943.15, the court may require the person to provide a biological specimen to the state crime laboratories for deoxyribonucleic acid analysis.

¶ 10.   Clearly, the earlier version of § 973.046 expressly referred to § 973.047(1). Indeed, this is the reason that *Trepanier* construed these statutes together. *See Trepanier*, 204 Wis. 2d at 508; *see also Ward*, 228 Wis. 2d at 311. These statutes were amended,

however, before Jones was convicted. *See* 1999 Wis. Act 9, §§ 3202, 9458. As we have seen, the current version of § 973.046 no longer refers to § 973.047.

¶ 11. The trial court also noted that it would vacate the surcharge if the defendant could show that he previously paid a surcharge in another case. Jones argues that WIS. STAT. § 973.046(1g) does not give the trial court authority to impose a surcharge for a sample collected in connection with an unrelated case. However, as indicated by the statute, the trial court was able to exercise its discretion and to impose a DNA surcharge regardless of whether Jones gave a sample in this case. Under the circumstances present here, therefore, we conclude that the trial court properly exercised its discretion in imposing a DNA surcharge in this case. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.