STATE of Wisconsin, Plaintiff-Respondent,

v.

Ray Shawn CHERRY, Defendant-Appellant.

Court of Appeals

*No. 2007AP1808–CR. Submitted on briefs March 4, 2008.
—Decided April 8, 2008.*

2008 WI App 80

(Also reported in 752 N.W.2d 393.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John T. Wasielewski* of *Wasielewski & Erickson* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. VanHollen*, attorney general and *David J. Becker*, assistant attorney general.

Before Wedemeyer, Fine and Kessler, JJ.

¶ 1. WEDEMEYER, J. Ray Shawn Cherry appeals from a judgment entered after he pled guilty to delivery of a controlled substance (cocaine), contrary to WIS. STAT. §§ 961.16(2)(b)1 and 961.41(1)(cm)1g. (2005–06).[1] He also appeals from an order denying his postconviction motion. Cherry raises only one issue in this appeal: whether the trial court erroneously exercised its discretion when it imposed the $250 DNA surcharge. Because the trial court failed to properly exercise its discretion before ordering the $250 DNA surcharge, we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2. On December 7, 2006, Cherry was sentenced to five years in prison, consisting of two years of initial confinement, followed by three years of extended supervision. During the sentencing hearing, the following interchange occurred:

> THE COURT: .... Court will impose the applicable penalty assessment, surcharges and costs, order that you submit the mandatory DNA sample and surcharge and pay that surcharge even if it's been paid or assessed in the past.
>
> [DEFENSE COUNSEL]: He's already provided DNA, Your Honor.
>
> THE COURT: The surcharge is appropriate per charge and it's not a single payment, and so I'm assessing the surcharge for the offense and that it should be paid.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

205

¶ 3. On July 5, 2007, Cherry filed a postconviction motion asserting that the trial court erroneously exercised its discretion by ruling he was not eligible to participate in the Challenge Incarceration Program and the Earned Release Program and for imposing the $250 DNA surcharge. The trial court denied the postconviction motion by written order. Cherry now appeals.

## DISCUSSION

¶ 4. Cherry raises only the issue of the $250 DNA surcharge in this appeal. He contends that the trial court failed to properly exercise its discretion when it ordered him to pay the surcharge. We agree that the record does not reflect a sufficient exercise of discretion to support the surcharge. Accordingly, we reverse the trial court's ruling requiring Cherry to pay the surcharge and remand the matter to afford the trial court an opportunity to explain why the surcharge is appropriate in this case.

¶ 5. The statutes governing this issue are clear. If a trial court sentences a defendant to a felony involving a sex crime contrary to WIS. STAT. §§ 940.225, 948.02(1) or (2) 948.025, or 948.085, the trial court *must* order the defendant to pay the $250 surcharge for the DNA sample. WIS. STAT. § 973.046(1r). When the felony does not involve a sex crime under one of those statutes, however, the trial court *may* order the defendant to pay the $250 DNA surcharge. Sec. 973.046(1g). Thus, in the latter situation, the trial court has the discretion to decide whether or not to impose the DNA surcharge.

¶ 6. In the instant case, the crime was not a sex crime, but a drug crime. Accordingly, the trial court was not required to impose the $250 DNA surcharge. The

206

trial court, however, decided to order Cherry to pay the $250 DNA surcharge. The only reasons expressed in the record for the trial court's decision are that: (1) the trial court's policy is to impose the surcharge whenever possible; and (2) the court has the statutory authority to order the surcharge for the purpose of supporting the DNA database program.

¶ 7. Cherry argues that the reasons set forth by the trial court are insufficient to demonstrate that the trial court actually exercised its discretion. A trial court erroneously exercises its discretion when it does not properly set forth on the record the reasoning underlying its exercise of discretion. *See State v. Meeks*, 2002 WI App 65, ¶ 33 n.12, 251 Wis. 2d 361, 643 N.W.2d 526, *rev'd on other grounds,* 2003 WI 104, 263 Wis. 2d 794, 666 N.W.2d 859.

¶ 8. The statute at issue here, WIS. STAT. § 973.046(1g), clearly contemplates the exercise of discretion by the trial court. The statute does not, however, set forth any factors for the trial court to utilize in exercising that discretion. Cherry, citing *State v. Jones*, 2004 WI App 212, 277 Wis. 2d 234, 689 N.W.2d 917, asserts that one relevant factor should be whether the defendant had previously paid a DNA surcharge. Cherry also proffers that other pertinent factors should include: (1) whether the crime involves DNA evidence; (2) whether the DNA evidence was actually tested, thus generating a cost; and (3) the defendant's ability to pay.

¶ 9. We hold that in assessing whether to impose the DNA surcharge, the trial court should consider any and all factors pertinent to the case before it, and that it should set forth in the record the factors it considered

and the rationale underlying its decision for imposing the DNA surcharge in that case. Such is the exercise of discretion contemplated both by the statute and our supreme court's pronouncement in *State v. Gallion*, 2004 WI 42, ¶ 19, 270 Wis. 2d 535, 678 N.W.2d 197 (The exercise of discretion contemplates a process of reasoning: " 'This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standard.' ") (citation omitted).

██

¶ 10. Thus, in exercising discretion, the trial court must do something more than stating it is imposing the DNA surcharge simply because it can. We also do not find the trial court's explanation that the surcharge was imposed to support the DNA database costs sufficient to conclude that the trial court properly exercised its discretion. To reach such a conclusion would eliminate the discretionary function of the statute as a DNA surcharge could be imposed in every single felony case using such reasoning. We are not going to attempt to provide a definite list of factors for the trial courts to consider in assessing whether to impose the DNA surcharge. We do not want to limit the factors to be considered, nor could we possibly contemplate all the relevant factors for every possible case. In an effort to provide some guidance to the trial courts, however, we conclude that some factors to be considered could include: (1) whether the defendant has provided a DNA sample in connection with the case so as to have caused DNA cost; (2) whether the case involved any evidence that needed DNA analysis so as to have caused DNA cost; (3) financial resources of the

defendant; and (4) any other factors the trial court finds pertinent.

¶ 11. Because the record does not reflect a process of reasoning before the trial court imposed the $250 DNA surcharge, we reverse that portion of the judgment and order. We remand the matter to the trial court to conduct proceedings necessary to reassess whether the $250 DNA surcharge should be imposed in this case and to set forth the factors and rationale it considered in making such a determination.

*By the Court.*—Judgment and order reversed in part; cause remanded with directions.