STATE of Wisconsin, Plaintiff-Respondent,

v.

Raymond Allen NICKEL, Defendant-Appellant.

Court of Appeals

*No. 2009AP1399–CR. Submitted on briefs June 8, 2010.*
*—Decided November 24, 2010.*

2010 WI App 161

(Also reported in 794 N.W.2d 765.)

750

752

On behalf of the defendant-appellant, the cause was submitted on the brief of *Raymond Nickel.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Pamela Magee*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

A nonparty brief was filed by *Robert R. Henak* and *Jake L. Remington* of *Henak Law Office, S.C.* of Milwaukee for Wisconsin Association of Criminal Defense Lawyers.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. NEUBAUER, P.J. Raymond Allen Nickel appeals pro se from a trial court order denying his motion to eliminate or waive the DNA surcharge imposed by the court at the time of his 2002 sentencing. In *State v. Cherry*, 2008 WI App 80, ¶¶ 9–11, 312 Wis. 2d 203, 752 N.W.2d 393, we held that a trial court is required to demonstrate on the record a proper exercise of discretion when imposing a DNA surcharge pursuant to WIS. STAT. § 973.046(1g) (2007–08).[1] Citing our decision in *Cherry*, Nickel filed a motion requesting the elimination of the DNA surcharge as a condition of his 2002 sentence. Nickel argued that the trial court did not state its reasoning for imposing a DNA surcharge and that the surcharge was not supported by the record as there were no DNA costs incurred in securing his conviction. The trial court denied his motion. Because Nickel's motion for sentence modification was filed six years postjudgment, it is untimely under WIS. STAT. § 973.19(1)(a) and cannot be heard. We therefore affirm the trial court's order.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

## BACKGROUND

¶ 2.   On December 5, 2002, Nickel pled guilty to the felony of second-degree recklessly endangering safety in the context of a domestic abuse violation.[2] At sentencing, the trial court ordered Nickel to submit a DNA sample and pay a $250 DNA analysis surcharge as permitted by Wis. Stat. § 973.046(1g) (2001–02).[3] The transcript of the sentencing hearing reflects that the trial court imposed the surcharge "since this is a felony." The DNA surcharge is reflected on the written judgment of conviction under "conditions of sentence." Nickel did not appeal.

---

[2] Nickel also pled guilty to operating while intoxicated, third offense.

[3] Pursuant to Wis. Stat. § 973.047(1f) (2001–02), "[i]f a court imposes a sentence or places a person on probation for a felony conviction, the court shall require the person to provide a biological specimen to the state crime laboratories for deoxyribonucleic acid analysis." With respect to the DNA surcharge, Wis. Stat. § 973.046 (2001–02) provided in relevant part:

**Deoxyribonucleic acid analysis surcharge.**

(1g) Except as provided in sub. (1r), if a court imposes a sentence or places a person on probation for a felony conviction, the court may impose a deoxyribonucleic acid analysis surcharge of $250.

(1r) If a court imposes a sentence or places a person on probation for a violation of s. 940.225, 948.02(1) or (2) or 948.025, the court shall impose a deoxyribonucleic acid analysis surcharge of $250.

The current version of § 973.046 and § 973.047 are substantially unchanged with the exception of the addition of Wis. Stat. § 948.025 to the list of offenses mandating the imposition of a DNA surcharge under §§ 973.046(1r) (2007–08) and the addition of certain misdemeanor offenses to 973.047(1f) (2007–08).

¶ 3. On February 13, 2009, Nickel filed a motion requesting the elimination of the $250 DNA surcharge based on this court's decision in *Cherry*. On March 25, 2009, the clerk of circuit court sent Nickel a letter informing him that the trial court had denied his request because it was within the sentencing court's authority to order a DNA sample. The court subsequently held a hearing on Nickel's motion on May 21, 2009. The trial court determined that the sentencing court had appropriately exercised its discretion in ordering the DNA sample as a condition of Nickel's felony conviction under Wɪs. Stat. § 973.047(1f) and in ordering Nickel to pay the costs associated with it under Wɪs. Stat § 973.046(1g). The court then entered a written order denying Nickel's motion. Nickel now appeals.

## DISCUSSION

■

¶ 4. Nickel challenges the trial court's determination that the imposition of the DNA surcharge was appropriate both as a means of reimbursing the State for the cost of collecting and maintaining the DNA sample, and in light of Nickel's opportunity to pay the surcharge over the course of his sentence. While the State took no position with respect to Nickel's motion before the trial court, it argues on appeal that Nickel's motion "comes too late." We agree. Based on our determination that Nickel's motion is untimely, we do not address the substance of the trial court's decision. *See State v. Amrine*, 157 Wis. 2d 778, 783, 460 N.W.2d 826 (Ct. App. 1990) (an appellate court may sustain a trial court's holding on a theory or on reasoning not presented to the trial court).

¶ 5. When a defendant moves to vacate a DNA surcharge, the defendant seeks sentence modification.

Pursuant to Wis. Stat. § 973.19, a defendant may move for sentence modification within ninety days after sentencing. Nickel filed his motion more than six years after entry of his judgment of conviction on December 11, 2002, well outside the time limits imposed under § 973.19. While a defendant may obtain postconviction review of a sentence within the time limits of a direct appeal, *see* Wis. Stat. § 974.02 and Wis. Stat. Rule 809.30, Nickel's deadline for pursuing a direct appeal expired twenty days after his sentencing when he failed to file a notice of intent to pursue postconviction relief, *see State v. Lagundoye*, 2004 WI 4, ¶ 20 and n.13, 268 Wis. 2d 77, 674 N.W.2d 526.[4] Therefore, Nickel's judgment of conviction became final when he did not challenge the conviction or the sentence within the deadlines for doing so. *See id.* (judgment of conviction is final after a direct appeal from that judgment and any right to a direct review of the appellate decision is no longer available). Despite Nickel's contention to the contrary, *Cherry* does not give the trial court the authority to revise a sentence after a criminal conviction becomes final.

¶ 6.    In arriving at this conclusion, we have considered and rejected the notion that the DNA surcharge is neither a sentence nor a component of a sentence.[5] In *State v. Galvan*, 2007 WI App 173, ¶ 12, 304 Wis. 2d 466, 736 N.W.2d 890, this court held that a contribution surcharge under Wis. Stat. § 973.06 is a financial obligation and "is not itself a sentence or a component of a sentence." However, in *State v. Campbell*, 2006 WI 99,

[4] Nickel has not requested an extension of these time limits nor do we discern any basis for granting one.

[5] Because Nickel is pro se, we requested nonparty briefing of this issue by the Wisconsin Association of Criminal Defense Lawyers.

¶ 68, 294 Wis. 2d 100, 718 N.W.2d 649, our supreme court observed that § 973.06 "authorizes a court to impose certain costs, fees, and surcharges upon a defendant *as part of his sentence.*" (Emphasis added.) Moreover, we agree with the amicus curiae that *Galvan*'s interpretation is inapplicable given the differences in the language of § 973.06 and WIS. STAT. § 973.046, which authorizes the imposition of the DNA surcharge. Section 973.06 simply lists the "costs, fees, and surcharges taxable against the defendant" generally. These include, for example, costs incurred in connection with arrest, witness fees and court-appointed counsel fees. Sec. 973.06(1)(a), (b), (e). However, § 973.046 expressly authorizes the DNA surcharge only in cases in which "a court imposes a sentence or places a person on probation for a felony conviction." Because the DNA surcharge is expressly dependent on the underlying sentence or probation for a felony conviction, it is part of Nickel's sentence.

¶ 7.    No other authority exists for Nickel's February 2009 motion. While a postconviction motion under WIS. STAT. § 974.06 is not subject to the time limits set forth in WIS. STAT. § 973.19 and WIS. STAT. RULE 809.30, a § 974.06 motion is limited to constitutional and jurisdictional challenges. It cannot be used to challenge a sentence based on an erroneous exercise of discretion "when a sentence is within the statutory maximum or otherwise within the statutory power of the court." *Smith v. State*, 85 Wis. 2d 650, 661, 271 N.W.2d 20 (1978). Nickel raises no constitutional or jurisdictional challenge.

¶ 8.    While a trial court has inherent power to modify a sentence based upon a new factor at any time, *see State v. Noll*, 2002 WI App 273, ¶¶ 11–12, 258

757

Wis. 2d 573, 653 N.W.2d 895, Nickel's motion does not raise a new factor. A new factor is

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989) (citation omitted). Whether a set of facts is a "new factor" is a question of law that we review de novo. *Id.* The defendant must establish the existence of a new factor by clear and convincing evidence. *Id.* at 8–9. Our decision in *Cherry* requires a trial court to state the factors it considered and the rationale supporting its decision when imposing a DNA surcharge under Wis. Stat. § 973.046(1g). *Cherry*, 312 Wis. 2d 203, ¶ 9. While *Cherry* is a relatively recent decision, the call for the exercise of discretion on the record when imposing the DNA surcharge does not present a new factor nor is the DNA surcharge highly relevant to the imposition of the sentence. Finally, *Cherry*'s holding is not a new procedural rule warranting retroactive application. *See Lagundoye*, 268 Wis. 2d 77, ¶¶ 13, 39 (retroactive application generally limited to new rules of criminal procedure that decriminalize conduct or implement watershed procedures that are implicit in the concept of ordered liberty, i.e., without which the likelihood of accurate conviction is seriously diminished).

## CONCLUSION

¶ 9.    Nickel fails to demonstrate a basis on which he may challenge the trial court's exercise of sentencing discretion more than six years after the sentence pro-

ceedings concluded. We therefore affirm the trial court's denial of Nickel's motion to vacate the DNA surcharge from his judgment of conviction.

*By the Court.*—Order affirmed.