STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott R. LONG, Defendant-Appellant.†

Court of Appeals

*No. 2010AP1377–CR. Submitted on briefs August 31, 2011.
—Decided October 18, 2011.*

2011 WI App 146

(Also reported in 807 N.W.2d 12.)

† Petition for Review filed 11-17-11.

648

On behalf of the defendant-appellant, the cause was submitted on the brief of *Jeff T. Wilson* of Shorewood.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Sarah K. Larson*, assistant attorney general.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. KESSLER, J.   Scott R. Long appeals a judgment of conviction and an order denying his motion to vacate the imposition of a DNA surcharge. Long argues that the circuit court erroneously exercised its discretion when it imposed the surcharge because it did not rely upon proper factors or provide reasoned explanations for its imposition of the surcharge. We disagree and affirm.

## BACKGROUND

¶ 2.   On March 25, 2008, Long pled guilty to one count of fleeing an officer causing property damage, one count of operating a motor vehicle while under the influence of an intoxicant as a fourth offense, and one count of operating after revocation as a third offense.

649

Long stipulated that the facts set forth in the criminal complaint formed a factual basis for the plea. Long was sentenced to two years of confinement and three years of extended supervision on count one, one year in the House of Correction on count two, and six months in the House of Correction on count three.[1] The circuit court ordered Long to provide a DNA sample and to pay a DNA surcharge if he had not previously provided a sample or paid a surcharge pursuant to any other cases, stating that the sample would then be "provided in connection with this case."[2]

¶ 3.   Long filed a postconviction motion[3] to vacate the DNA surcharge on the grounds that the circuit court did not properly exercise its discretion in imposing the surcharge as required by statute and *State v. Cherry*, 2008 WI App 80, 312 Wis. 2d 203, 752 N.W.2d 393. The circuit court denied the motion, stating that it

---

[1] Long's sentence on count two was to run concurrent with his sentence on count one. His sentence on count three was to run concurrent with the sentences on both counts one and two.

[2] Long does not contend that he previously provided a DNA sample or paid a surcharge pursuant to any other cases.

[3] On February 12, 2010, this court rejected the no-merit report filed by Long's counsel. *See State v. Long*, No. 2008AP3155–CRNM, unpublished slip op. (WI App Feb. 12, 2010). The no-merit appeal was thereafter dismissed. *See id.* On March 12, 2010, Long's counsel filed a postconviction motion to vacate the DNA surcharge, the subject of this appeal, pursuant to Wis. Stat. § 973.19 (2009–10), possibly rendering his current appeal untimely under that statute. *See id.* (motion to modify sentence must be brought ninety days after sentence). However, because the no-merit proceedings which preceded this appeal were rejected by this court, the State concedes that Long's postconviction motion and appeal are timely under Wis. Stat. § 809.30 (2009–10). All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

"did not simply impose a DNA surcharge because the court could do so, but because the [S]tate incurred a cost for DNA in this case where there was no prior DNA taken or submitted." This appeal follows.

## DISCUSSION

¶ 4.   We review questions of statutory interpretation *de novo. State v. Stenklyft*, 2005 WI 71, ¶ 7, 281 Wis. 2d 484, 697 N.W.2d 769. An appellate court will sustain a discretionary decision "if 'the circuit court examined the relevant facts; applied a proper standard of law; and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach.' " *Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 2011 WI App 101, ¶ 5, 335 Wis. 2d 151, 801 N.W.2d 781 (citation omitted).

¶ 5.   WISCONSIN STAT. § 973.047 obligates the circuit court to require anyone convicted of a felony to provide a DNA sample.[4] *See id.* WISCONSIN STAT. § 973.046 gives the circuit court the discretion to impose a DNA surcharge on persons convicted of most felonies and requires the circuit court to order a surcharge upon the conviction of a sex crime. *See id.* The statute provides in relevant part:

**Deoxyribonucleic acid analysis surcharge. (1g)**
Except as provided in sub. (1r), if a court imposes a

---

[4] WISCONSIN STAT. § 973.047(1f) provides:  "If a court imposes a sentence or places a person on probation for a felony conviction or for a conviction for a violation of s. 165.765(1), 940.225(3m), 944.20, or 948.10(1)(b), the court shall require the person to provide a biological specimen to the state crime laboratories for deoxyribonucleic acid analysis."

sentence or places a person on probation for a felony conviction, the court may impose a deoxyribonucleic acid analysis surcharge of $250.

(1r) If a court imposes a sentence or places a person on probation for a violation of s. 940.225, 948.02(1) or (2), 948.025, 948.085, the court shall impose a deoxyribonucleic acid analysis surcharge of $250.

*See* § 973.046.

¶ 6. We addressed the issue of a circuit court's discretionary authority to impose a DNA surcharge when one had not been previously paid in *State v. Jones*, 2004 WI App 212, 277 Wis. 2d 234, 689 N.W.2d 917. In *Jones*, the defendant argued that the circuit court erroneously exercised its discretion by imposing a surcharge without first ordering a DNA sample. *Id.*, ¶ 7. He further argued that because he had already provided a DNA sample in connection with another case, the circuit court did not have the authority to order a surcharge in the case before it. *Id.*, ¶ 3. The circuit court found that the State Crime Laboratory could not use more than one sample per person, but declined to vacate the surcharge because Jones had not established that he actually paid the surcharge previously. *Id.*, ¶¶ 2, 7. The trial court wrote:

> The court will not vacate a surcharge unless a showing is made that the defendant previously paid a surcharge in another case. The court has the statutory authority to order a defendant to pay for the testing performed by the State Crime Lab by assessing a $250 surcharge. Section 973.046(1g), Wis. Stats. If the defendant has already provided a sample and paid a surcharge in conjunction with another case, the court will vacate a second order for a DNA surcharge. If the defendant cannot show that he has paid a surcharge in connection with the first DNA sample ordered, the court will not

vacate the $250 surcharge. The defendant, rather than the taxpayers, shall pay for the DNA testing.

*Jones*, 277 Wis. 2d 234, ¶ 7 (emphasis omitted). We affirmed, holding that "[u]nder the circumstances present here . . . we conclude that the trial court properly exercised its discretion in imposing a DNA surcharge in this case." *Id.*, ¶ 11.

¶ 7.   Four years later, in *Cherry*, we considered the case of a defendant convicted of a drug crime who was ordered to pay a DNA surcharge, although he had already provided a DNA sample. *See id.*, 312 Wis. 2d 203, ¶ 2. We found that the only reasons expressed by the court for imposing the surcharge were:

> (1) the [circuit] court's policy is to impose the surcharge whenever possible; and (2) the court has the statutory authority to order the surcharge for the purpose of supporting the DNA database program.

*Id.*, ¶ 6. Noting our prior decision in *Jones*, we reversed and remanded, holding that "the [circuit] court should consider *any and all factors pertinent to the case before it,* and that it should set forth in the record the factors it considered and the rationale underlying its decision for imposing the DNA surcharge in that case." *Cherry*, 312 Wis. 2d 203, ¶ 9 (emphasis added). We declined "to limit the factors to be considered" but provided some guidance for the circuit courts by identifying "some factors" the circuit courts "could" consider, including:

> (1) whether the defendant has provided a DNA sample in connection with the case so as to have caused DNA cost; (2) whether the case involved any evidence that needed DNA analysis so as to have caused DNA cost; (3) financial resources of the defendant; and (4) any other factors the trial court finds pertinent.

*Id.*, ¶ 10.

¶ 8. Here, the circuit court ordered the DNA sample contingent on whether one had previously been provided. If the sample had not previously been provided, the circuit court reasoned that the DNA surcharge was appropriate because "it would be for a sample provided in connection with this case." This explanation is consistent with the rationale of the circuit court which we affirmed in *Jones*. Long does not contend that he had already provided a sample or paid a surcharge. By ordering Long to pay the DNA surcharge if, and only if, a DNA sample had not previously been provided, the circuit court considered factors that we suggested in *Cherry* could be pertinent to the reasoned exercise of discretion. The circuit court here, consistent with the rationale expressed in *Jones*, further explained its reasoning in its order denying Long's motion to vacate the surcharge:

> If this is the defendant's first felony case in which he is providing a sample, there is a cost involved in connection with this case. There is a cost of drawing the sample, a cost for having it analyzed, and a cost for having it put into the [S]tate DNA database . . . . The court did not simply impose a DNA surcharge because the court could do so, but because the [S]tate incurred a cost for DNA in this case where there was no prior DNA taken or submitted.

¶ 9. As in *Jones*, we conclude that the record here reflects a reasoned exercise of discretion—not an imposition of a surcharge simply because it is possible—and satisfies the requirements we explained in *Cherry*. Consequently, we affirm.

*By the Court.*—Judgment and order affirmed.