STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael T. ZILLER, Defendant-Appellant.†

Court of Appeals

*No. 2011AP416–CR. Submitted on briefs September 16, 2011.
—Decided November 16, 2011.*

2011 WI App 164

(Also reported in 807 N.W.2d 241.)

† Petition for Review denied 3/15/12.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Michael S. Holzman* of *Rosen and Holzman, Ltd.*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Daniel J. O'Brien*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly, J., and Neal Nettesheim, Reserve Judge.

¶ 1. REILLY, J. Michael T. Ziller appeals from a judgment of conviction and an order denying his motion for postconviction relief. Ziller argues that the circuit court failed to exercise its sentencing discretion when it did not expressly assess Ziller's ability to pay a $250 DNA surcharge. According to Ziller, our decision in *State v. Cherry*, 2008 WI App 80, 312 Wis. 2d 203, 752 N.W.2d 393, requires circuit courts to explain their reasons for imposing a $250 DNA surcharge. Ziller does not object to his nine-year bifurcated sentence or the requirement that he pay his victims roughly $10,000 in restitution as a result of his slashing a tire and stabbing someone in the neck. Ziller instead argues that *Cherry* requires a circuit court to explicitly state whether the defendant has the ability to pay the $250 DNA surcharge.

¶ 2. Ziller is wrong. *Cherry* does not require a circuit court to use any "magic words." The decision to impose a DNA surcharge in this case fell within the circuit court's sentencing discretion and the court properly exercised its discretion in imposing the surcharge. We affirm Ziller's conviction and the order denying his motion for postconviction relief.

153

## BACKGROUND

¶ 3. Ziller was thrown out of a bar for being drunk. Upon leaving the bar, Ziller slashed the tire of a car in the bar's parking lot. When the owner of the car came out to the parking lot, she told Ziller that he would have to pay her for a new tire. Ziller responded by pushing the owner of the car. Steven Fisher came to the aid of the owner and Ziller stabbed Fisher in the neck with a knife. When Ziller was ordered to the ground by a police officer, he lunged at the officer and was tased.

¶ 4. Ziller was charged with first-degree reckless endangerment, obstructing an officer, and criminal damage to property. Cash bail of $2500 was posted. Ziller reached a plea bargain and pled no contest to the reckless endangerment charge in return for dismissal of the remaining charges.

¶ 5. The sentencing transcript reflects that the circuit court was informed that Ziller's only prior criminal conviction was a misdemeanor second offense OWI, that he had never been on probation, that he has a high school diploma, and that he had previously held different jobs. Ziller addressed the court, stating "I take full responsibility for what happened . . . . I want to make things right with the victims as soon as I can."

¶ 6. The circuit court went through the primary sentencing factors (the gravity of the offense, character of the defendant, and the need to protect the public)[1] and sentenced Ziller to four years of initial confinement and five years of extended supervision. The sentencing transcript reveals that the circuit court gave a thorough justification for the sentence imposed. First, the court considered the presentence investigation report. The court then examined the gravity of the

---

[1] *See State v. Gallion*, 2004 WI 42, ¶ 44, 270 Wis. 2d 535, 678 N.W.2d 197.

offense and noted that Ziller committed a "serious offense" that potentially could have killed or paralyzed Fisher, and that Ziller attacked Fisher without provocation. Additionally, the court stated that it was considering Ziller's character, namely that Ziller only had one prior conviction, a history of drug and mental health issues, that he lived with his parents, had no prior history of violence, and that he had previously held different jobs. Finally, the court looked at the need to protect the public, and concluded that probation was inappropriate because it would "depreciate" the gravity of Ziller's crime. The court ordered Ziller to pay roughly $10,000 in restitution to multiple victims and pay the $250 surcharge on his statutorily mandated DNA sample. Ziller did not object to any part of the sentence.

¶ 7. Ziller filed a motion for postconviction relief, arguing that the circuit court abused its discretion in imposing a $250 DNA surcharge without first determining whether he had the ability to pay it. The circuit court denied the postconviction motion and we affirm.[2]

## STANDARD OF REVIEW

¶ 8. Ziller's appeal requires us to review WIS. STAT. § 973.046(1g) and the circuit court's exercise of its

---

[2] The circuit court denied the motion as untimely. Ziller contends, however, that he filed the motion within sixty days of receiving the transcripts from the court reporter, as required by WIS. STAT. § 809.30(2)(h) (2009–10). As there is nothing in the record to indicate that Ziller did not file on time, and as the State does not contest Ziller's statement, we assume that the motion was properly filed.

All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

sentencing discretion. Statutory interpretation is a question of law that we review de novo. *DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶ 26, 299 Wis. 2d 561, 729 N.W.2d 396. A circuit court's sentencing decision is reviewed for an erroneous exercise of discretion. *See State v. Harris*, 119 Wis. 2d 612, 622, 350 N.W.2d 633 (1984). Under this standard, a circuit court must articulate the basis for the sentence it imposed. *Id.* at 623. Furthermore, there should be evidence in the record demonstrating that discretion was in fact exercised. *State v. Payano*, 2009 WI 86, ¶ 51, 320 Wis. 2d 348, 768 N.W.2d 832. It is presumed that the circuit court acted reasonably in reaching its sentence, so for a defendant to successfully challenge a sentence he or she must show that the sentence was unreasonable or unjustified. *Harris*, 119 Wis. 2d at 622–23.

## DISCUSSION

¶ 9. All defendants convicted of a felony are required to provide a DNA sample to the State Crime Laboratory. Wis. Stat. § 973.047(1f). As this was the first time Ziller was convicted of a felony, he was required to submit a DNA sample. When the defendant's felony is for certain classes of sexual assault, the circuit court must impose a $250 surcharge on the defendant. Wis. Stat. § 973.046(1r). For all other felonies, the circuit court has discretion in determining whether to impose the $250 surcharge. Section 973.046(1g). As Ziller was convicted of a nonsexual assault felony, the circuit court's decision to impose a surcharge upon him was discretionary.

¶ 10. In *Cherry*, we held that a circuit court "must do something more than stat[e] it is imposing the DNA surcharge simply because it can." *Cherry*, 312 Wis. 2d 203, ¶ 10. The circuit court in that case ordered the

defendant to pay the DNA surcharge even though the defendant had already provided his DNA in a previous case.[3] *Id.*, ¶ 2. As the circuit court's only justification for imposing the surcharge on the defendant was to support the DNA database's costs, we reversed and remanded and ordered the circuit court to conduct further proceedings to determine whether the $250 surcharge was necessary, and if so, why. *Id.*, ¶¶ 10–11. We held that the circuit court—given the facts before it—had to explain its reasons for ordering the defendant to pay the DNA surcharge when he had already provided a sample. *Id.*, ¶ 11. We stated that a sentencing court should consider any and all factors pertinent to the case, and that the court should set forth in the record the factors it considered and the rationale underlying its decision for imposing the surcharge. *Id.*, ¶ 9. We offered a nonexclusive list of factors for a circuit court to consider: (1) whether the defendant provided a DNA sample in connection with the case; (2) whether the case involved any evidence that needed DNA analysis; (3) the financial resources of the defendant; and (4) any other factors a circuit court may find relevant. *Id.*, ¶ 10.

¶ 11. On the basis of our review of the record in this case, we are satisfied that the circuit court properly exercised its discretion in sentencing Ziller. The circuit court considered the three primary sentencing factors and noted them on the record. *See State v. Gallion*, 2004 WI 42, ¶ 44, 270 Wis. 2d 535, 678 N.W.2d 197. The

[3] It is unclear from the facts in *Cherry* whether the defendant paid for his first DNA sample. Additionally, we note that the State Crime Laboratory needs only one sample per subject. *See State v. Jones*, 2004 WI App 212, ¶ 2, 277 Wis. 2d 234, 689 N.W.2d 917.

court adhered to the *Cherry* standards. It noted that Ziller had previously been employed, which indicates that he had the ability to compensate his victims. Furthermore, Ziller stated, "I take full responsibility for what happened . . . . I want to make things right with the victims as soon as I can." The court ordered that Ziller pay roughly $10,000 in restitution to fully compensate his victims. As the court determined that Ziller was employable such that he could pay $10,000 in restitution, and as Ziller stated that he wanted "to make things right with the victims," the court was well within its discretion to order Ziller to pay the $250 surcharge rather than force the cost upon the public.

¶ 12. If Ziller is asking this court to adopt a rule whereby a circuit court must explicitly describe its reasons for imposing a DNA surcharge, we decline to adopt such a rule. The circuit court is in the best position to examine the relevant sentencing factors in each case. *State v. Spears*, 227 Wis. 2d 495, 506, ¶ 596 N.W.2d 375 (1999). The burden is therefore on the defendant to show that the sentence is unreasonable, and Ziller has failed to point to any aspect of his sentence that is unreasonable. *See State v. Lechner*, 217 Wis. 2d 392, 418, 576 N.W.2d 912 (1998).

¶ 13. While a circuit court must articulate the basis for its sentence, it is not required to use magic words. *See Gallion*, 270 Wis. 2d 535, ¶ 49. Here, the circuit court considered the primary sentencing factors in reaching its sentencing decision. Given that the court found that Ziller had the ability to pay $10,000 in restitution based on his employability, there was no reason for the court to restate that Ziller had the ability

158

to pay the $250 DNA surcharge. What is obvious need not be repeated.

## CONCLUSION

¶ 14. As Ziller points to nothing in the record to indicate that the circuit court's decision to impose the $250 DNA surcharge was unreasonable or unjustifiable, we affirm his conviction and the denial of his motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.