COURT OF APPEALS
DECISION
DATED AND FILED

April 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1971-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF2671

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ROMERO M. WATSON,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: AUDREY SKWIERAWSKI, Judge. *Reversed and cause remanded with directions*.

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Romero M. Watson appeals from an order of the postconviction court denying his motion requesting sentence modification based on a new factor.[1] More specifically, Watson argues that the sentencing court incorrectly stated that Watson was ineligible for the Challenge Incarceration Program (CIP), *see* WIS. STAT. § 302.045 (2017-18),[2] and the Substance Abuse Program (SAP), *see* WIS. STAT. § 302.05, and Watson requests reconsideration of his eligibility for CIP and SAP. For the reasons set forth below, we reverse the postconviction court's order and remand for a hearing addressing the issue of whether Watson is eligible for CIP or SAP.

## BACKGROUND

¶2 This case began when a confidential informant told police that Watson was selling cocaine, marijuana, and pills from a residence, and the police organized a controlled buy of cocaine from Watson. The police then obtained and executed a no-knock search warrant. When the police executed the warrant, they recovered drug paraphernalia and baggies of cocaine from the living room; cocaine, marijuana, and pills from a dresser in one of the bedrooms; marijuana, cocaine, and a loaded semi-automatic handgun from a backpack in a closet; and a handgun under an SUV near the location where Watson fled the residence at the time the police executed the warrant.

---

[1] The Honorable Frederick C. Rosa presided over Watson's sentencing hearing and imposed Watson's sentence. The Honorable Audrey Skwierawski denied Watson's postconviction motion for sentence modification. We refer to Judge Rosa as the sentencing court and Judge Skwierawski as the postconviction court.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3      Following execution of the warrant, Watson was arrested and charged with possession with intent to deliver cocaine as a second or subsequent offense, possession with intent to deliver marijuana as a second or subsequent offense, possession with intent to deliver methamphetamine as a second or subsequent offense, and two counts of possession of a firearm by a felon.  The case proceeded to a jury trial, and the jury found Watson guilty as charged. Watson was subsequently sentenced to a total of thirteen years of initial confinement and seven years of extended supervision.

¶4      At the time of sentencing, none of the parties requested CIP or SAP, and when the sentencing court explained Watson's sentence on the record, it stated, "Because of the felon firearms, I don't think I'm able to make you eligible for programming, so I have to deny Challenge and Substance Abuse Program." Thus, Watson was not made eligible for CIP or SAP as part of his sentence.

¶5      Watson filed a postconviction motion requesting sentence modification based on a new factor.  Specifically, he argued that the sentencing court incorrectly stated that Watson was ineligible for CIP or SAP.[3]  Watson further argued that his eligibility is a new factor that justifies sentence modification, and he requested reconsideration of his eligibility.

¶6      The postconviction court denied his motion in a written order stating, "At sentencing on October 12, 2018, the court declined to make the defendant eligible to participate in CIP or SAP.  After review of the defendant's

---

[3] We note that Watson actually requested reconsideration of his eligibility for "the Earned Release Program."  However, the name of this program was changed to the Substance Abuse Program (SAP), and therefore, we instead refer to the program as SAP.  *See* WIS. STAT. § 302.05; 2011 Wis. Act 38, § 19.

requests, this court concludes that altering Judge Rosa's determination would unduly depreciate the seriousness of the offenses and would frustrate the sentencing court's intent."

¶7     Watson now appeals.

## DISCUSSION

¶8     On appeal, Watson renews his argument that he is entitled to sentence modification because his eligibility for CIP and SAP is a new factor that justifies sentence modification.[4]     In particular, Watson contends that the sentencing court incorrectly stated that he was ineligible for both programs, and Watson argues that his eligibility for CIP and SAP should be reconsidered.

¶9     A defendant may seek a modification of his or her sentence "upon the defendant's showing of a 'new factor.'" ***State v. Harbor***, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828.  To do so, the defendant first "has the burden to demonstrate by clear and convincing evidence the existence of a new factor." ***Id.***, ¶36.  Second, "if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence." ***Id.***, ¶37.  "Thus, to prevail, the defendant must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence." ***Id.***, ¶38.

---

[4] To the extent that Watson seeks direct review of his sentence, we note that the time to do so has passed.  *See **State v. Nickel***, 2010 WI App 161, ¶¶5, 8, 330 Wis. 2d 750, 794 N.W.2d 765; *see also* WIS. STAT. § 973.19(1), (5); WIS. STAT. RULE 809.30(2).  Additionally, this is Watson's second appeal.  *See **State v. Watson***, No. 2019AP1982-CR, unpublished slip op. (WI App Mar. 1, 2022).

¶10     The definition of a new factor is well-settled as "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because … it was unknowingly overlooked by all of the parties." ***Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

¶11     "Whether a fact or set of facts presented by the defendant constitutes a 'new factor' is a question of law" that we review independently. ***Harbor***, 333 Wis. 2d 53, ¶33.  However, we review "[t]he determination of whether that new factor justifies sentence modification" for an erroneous exercise of discretion. ***Id.***

¶12     The State concedes that the sentencing court incorrectly stated that Watson was ineligible for programming as a result of Watson's conviction under WIS. STAT. § 941.29(1m)(a) for possession of a firearm by a felon, and the State assumes that Watson's eligibility meets the definition of a new factor. *See* WIS. STAT. § 302.045(2)(c) (listing criminal offenses ineligible for CIP); WIS. STAT. § 302.05(3)(a)1. (listing criminal offenses ineligible for SAP).  We agree, and we accept the State's concession.  Consequently, we do not address whether Watson's eligibility meets the definition of a new factor any further.

¶13     Nevertheless, the State argues that Watson is not entitled to sentence modification because the postconviction court properly exercised its discretion when it determined that Watson's eligibility does not justify sentence modification.  In making this argument, the State contends that making Watson eligible for early release under CIP or SAP would be inconsistent with the seriousness of his offenses.  The State further emphasizes the sentencing court's lengthy remarks at the time of sentencing explaining that Watson had been granted

probation in the past and that probation has clearly failed to work given that Watson has returned with new and serious charges. We disagree.

¶14  "[A]s part of the exercise of its sentencing discretion," the court "shall" determine whether "the person being sentenced" is eligible or ineligible to participate in CIP or SAP. WIS. STAT. § 973.01(3g), (3m). In this case, the sentencing court at the outset failed to fulfill its mandatory duty to consider Watson's eligibility for CIP or SAP because of its incorrect belief that Watson was ineligible for either program as a result of his conviction under WIS. STAT. § 941.29(1m)(a) for possession of a firearm by a felon. *See* WIS. STAT. §§ 302.045(2)(c), 302.05(3)(a)1.

¶15  As a result of the sentencing court's underlying failure to consider Watson's eligibility for CIP or SAP, we conclude that the postconviction court erroneously exercised its discretion when it found that Watson's eligibility did not justify sentence modification. *See **Weborg v. Jenny***, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191 ("A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." (citation omitted)).

¶16  A defendant's eligibility for CIP and SAP must be considered at the time of sentencing. However, the sentencing court made no such determination as to Watson's eligibility, and the postconviction court incorrectly stated that the sentencing court "declined to make the defendant eligible to participate in CIP or SAP." Consequently, there was also nothing from the sentencing hearing that the postconviction court could use to support its finding that making Watson eligible for CIP or SAP would "unduly depreciate the seriousness of the offenses" or "frustrate the sentencing court's intent."

¶17    Accordingly, we conclude that the postconviction court's findings amount to an erroneous exercise of discretion and Watson has demonstrated that his eligibility for CIP and SAP is a new factor that justifies a hearing to determine whether his sentence should be modified.    As a result, we reverse the postconviction court's order, and we remand this matter for a hearing at which the postconviction court can consider whether Watson is eligible for CIP or SAP.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.